**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.　　　　　　　　　　　　　　　　　　CASE NO. 3:10-cr-277(S1)-J-32TEM

LYDIA I. CLADEK

## O R D E R

This case came before the Court on April 3, 2013 for a hearing on the handwritten "Motion to Proceed *Pro Se* in My Appeal and All Other Post Conviction Motions and Petitions With Request for Appointment of Standby Counsel" (Doc. #139), filed by Defendant Lydia Cladek. The Court heard argument of counsel and testimony from one witness. The Court entered its ruling from the bench and advised counsel a written order would follow.[1]

### *Factual background*

Defendant Cladek was convicted by a jury on January 26, 2012, after a two week trial. Cladek was convicted on fourteen counts of various fraud charges that alleged she had defrauded numerous investors of millions of dollars (*see* Doc. #83, Special Verdict). She was sentenced on September 20, 2012 to three hundred and sixty-five (365) months imprisonment and ordered to pay $27,118,361.78 in restitution (Doc. #109, Judgment in a Criminal Case; Doc. #110 Order on Restitution; Doc. #113, Clerk's Minutes). The Federal Public Defender, who represented Defendant Cladek at trial, filed the Notice of Appeal on December 21, 2012 (Doc. #114).

---

[1]The non-transcribed recording of the hearing is hereby incorporated by reference. The parties may contact the Courtroom Deputy of the undersigned if a transcript of the hearing is desired.

The Court had Defendant Cladek returned from the Federal Correctional Camp at Coleman, Florida for the motion hearing held on April 3, 2013. At the hearing, Cladek affirmed that she wanted to represent herself in the appeal, with the proviso that counsel be appointed as standby.

The Court explained that because the trial lasted two weeks, the appellate record would be bulky, consisting of several volumes. Defense counsel advised he already had ordered transcripts of every hearing in the current record of the case. The government advised there are approximately six hundred (600) bankers boxes of physical discovery evidence and defense counsel advised he had received thirty to forty (30-40) compact discs of information related to the case.

The Court questioned Ms. Cladek as to any legal experience. She indicated she was a college graduate, and had a master's degree in nursing administration. Cladek acknowledged she had taken no legal classes during her college education. Cladek also affirmed she has not assisted any other inmates in post-trial motions. It is apparent to the Court that Ms. Cladek's "legal experience," other than sitting through her criminal trial, consists of filing the instant motion (Doc. #139) and the motion requesting a new trial (Doc. #140).

At the April 3 hearing, the government called a correction counselor from the Coleman facility to testify about the practical aspects of an inmate keeping voluminous records and the limited computer resources available to Coleman inmates. Mr. Tracy M. Davis testified that each inmate has three cubic feet of space in which to store legal or other documents, but inmates may request an additional three cubic feet. Mr. Davis also testified that based on the prison's current overcrowded status, requests for additional

storage space were not likely to be granted.  Davis further stated the law library at Coleman has eight free-standing computers that are not connected to the internet, but do contain some legal resources stored on the hard drives.  Inmates are not permitted access to or use of compact discs, nor do inmates have copying or printing privileges, even when conducting legal research.  Upon inquiry, Davis testified that the prison does not have any Apple computers, which runs afoul of any desire Cladek may have to run Apple based software of an accounting program about her business (*see* Doc. #140, "Motion for a New Trial" at 5-6).

### ***Applicable law***

A criminal defendant has a Sixth Amendment right to effective representation by counsel at trial, but under some circumstances may waive that right.  *Faretta v. California*, 422 U.S. 806 (1975).  Appeals by a defendant who is convicted are provided by statute and rule.  Fed. R. Crim. P. 32(j); 28 U.S.C. § 1915; *also see Johnson v. United States*, 352 U.S. 565 (1957).  Once a defendant is convicted, the Supreme Court held in *Martinez v. Court of Appeals of California*, 528 U.S. 152 (2000),  there is no constitutional right of a criminal defendant on direct appeal to represent him or herself.

The Due Process Clause of the Fifth Amendment guarantees a criminal defendant effective assistance of counsel on his or her first appeal as of right. *Evitts v. Lucey*, 469 U.S. 387 (1985).  In *Martinez*, the Court noted the right of appeal in federal criminal cases did not even exist for the first century of our government, and that the Sixth Amendment does not refer to appeals.  *Martinez*, 528 U.S. at 159.  The *Martinez* Court found that in the appellate context, the State's interest in the fair and efficient administration of justice outweighs the interest of a defendant adjudicated guilty in his or her self-representation.

3

*Id.* at 163. "The requirement of representation by trained counsel implies no disrespect for the individual inasmuch as it tends to benefit the appellant as well as the court." *Id.* at 163.

The Court noted that it was not persuaded "that either a risk of [an attorney's] disloyalty or suspicion of disloyalty is a sufficient concern to conclude that a constitutional right of self-representation is a necessary component of a fair appellate proceeding." *Id.* at 161. Even in a case in which counsel is ineffective, "it is reasonable to assume that counsel's performance is more effective than what the unskilled appellant could have provided for himself." *Id.*

It is expected that counsel will consult with the client/defendant in considering what issues are raised on appeal; however, the Supreme Court has said judges should not "second-guess reasonable professional judgments" and should not order counsel to argue any colorable claim suggested by the client/defendant. *Jones v. Barnes*, 463 U.S. 745, 754 (1983). Nonetheless, standards of effective assistance of counsel are applicable to appeals. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). The Eleventh Circuit has held that the "adversarial system becomes less effective as the opinions of lay persons are substituted for the judgment of legally trained counsel." *United States v. Burke*, 257 F.3d 1321, 1323 (11th Cir. 2001).

To the extent that the Court has discretion to allow Defendant Cladek to represent herself on appeal,[2] the Court has considered the relevant facts and finds self-representation is not appropriate in the appeal of this case. As indicated above, although the Court might find Ms. Cladek to be an intelligent individual, based on the college degrees

---

[2] The court in *Martinez* stated that courts "may still exercise their discretion to allow a lay person to proceed *pro se*." 528 U.S. at 163.

she has obtained, there is a clear lack of any training or practical experience in matters of the law. There also are specific physical and practical hardships that would be involved if an incarcerated inmate at the Coleman facility were to attempt to brief a case involving a massive trial record. Moreover, the Court would note that the United States, as well as Defendant Cladek, has an interest in the expeditious legal conclusion of this case.[3]

In addition, Defendant Cladek, through the *pro se* filing on the Motion for a New Trial, provides the Court with an indication of issues that concern her. Her asserted issues include statements about challenging "each piece of evidence" submitted against her, putting her theory of defense and evidence into play, and lamenting that she did not have "one speck of financial data" from her company to challenge the United States. Although she does not specifically claim she did not receive effective assistance of counsel, the items she discusses in the Motion for a New Trial either imply that challenge or indicate she views the appeal as a place to re-litigate factual matters, rather than point out specific legal errors. Motion for a New Trial at 3-8. Claims of ineffective assistance of counsel are not generally considered first on appeal unless record is sufficiently developed. *United States v. Nghia Le,* 256 F.3d 1229, 1241 (11th Cir. 2001).

### ***Conclusion***

Upon consideration of the law and factors mentioned above, the Court finds Defendant's *pro se* Motion (Doc. #139) should be, and is, **denied**.

---

[3]Restitution to victims and forfeiture were ordered as part of the sentence in the case.

**DONE AND ORDERED** at Jacksonville, Florida this 9th day of April, 2013.

THOMAS E. MORRIS
United States Magistrate Judge

cc:
The Hon. Timothy J. Corrigan
Asst. United States Attorney (Taylor)
Maurice Grant, Esq.